UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHAEL A. YOUNG,                    :
      Petitioner,            :
                         :
    v.                           :    CASE NO. 3:15-cv-1821 (AWT)
                         :
CAROL CHAPDELAINE,                   :
      Respondent.            :

ORDER DISMISSING HABEAS PETITION

The petitioner, Michael A. Young, who is currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction for interfering with a police officer and assault on a police officer. On January 12, 2016, the court ordered the petitioner to show cause why his petition should not be dismissed for failure to exhaust his state court remedies before commencing this action. Upon reviewing the petitioner's response, the court concludes that the petitioner has not exhausted any ground for relief contained in the federal petition.

Before filing a petition for writ of habeas corpus in federal court, the petitioner must properly exhaust his state

court remedies.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The Second Circuit requires the district court to conduct a two-part inquiry.  First, a petitioner must present the factual and legal bases of his federal claim to the highest state court capable of reviewing them.  Second, he must have utilized all available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

The petitioner challenges his conviction on five grounds: (1) the offense was changed from creating a public disturbance, an infraction, to assault on a police officer, a felony, three years after the incident; (2) requested language relating to breach of peace was not included in the jury instructions; (3) instead of disclosing exonorating evidence, the State entered into a stipulation; (4) the trial court failed to declare a mistrial based on improper exclusion of evidence, perjury and prosecutorial misconduct; and (5) trial counsel was ineffective in agreeing to try all charges against the petitioner together. To have exhausted his state court remedies, the petitioner must have presented every one of these claims to the Connecticut Supreme Court.

On direct appeal of his conviction, the petitioner raised only one ground, i.e. that the trial court should have given an adverse inference instruction regarding the failure to preserve electronic evidence.  See State v. Young, 161 Conn. App. 552, ___ A.3d ___ (2015).  The appeal was decided on December 1, 2015.  The petition is dated December 8, 2015, seven days later. In response to the court's order, the petitioner states that he was denied his right to file a petition for certification because, although he was granted a fee waiver, he was denied appointment of counsel to file a petition for certification.

The petitioner asks the court to view the denial of counsel as a circumstance rendering exhaustion futile as set forth in 28 U.S.C. § 2254(b)(1)(B)(ii).  The petitioner does not explain why he did not file a petition for certification on his own.

The court need not determine whether exhaustion would have been futile where the state court declined to appoint counsel. The only issue raised on direct appeal was the failure to give an adverse inference instruction to the jury regarding the failure to preserve electronic evidence.  This issue is not one of the five grounds on which the petitioner now seeks to challenge his conviction in federal court.  Thus, the petitioner's failure to seek certification from the Connecticut Supreme Court on direct appeal does not affect this action.

The petitioner next argues that he properly filed several state habeas petitions alleging ineffective assistance of counsel, but those petitions were refused.  The exhibits he provides negate his claim.

The petitioner filed his first state habeas petition directed to this conviction on February 26, 2014.  He provides a notice from the state court declining to open the case because the petitioner had not yet been sentenced.  Until he was sentenced, the habeas court lacked jurisdiction to entertain the case.  See Pet'r's Resp. Ex. B., Doc. #12-1 at 22.  The petitioner was sentenced on April 17, 2014.  See State v. Young, Case No. T19R-CR11-0099206-S,

http://jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&key=274d823f-284d-4357-a78b-27a27256050a (last visited Feb. 2, 2016).  On May 7, 2014, the petitioner refiled his state habeas petition.  See Young v. Warden, State Prison, No. TSR-CV14-4006214-S,

http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV144006214S (last visited Feb. 2, 2016).  That case was opened and remains pending.  The Second Circuit has excused exhausting as futile when presentation of the claim in state court would be procedurally barred, see, e.g., Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001); or when the petitioner

4

would be subjected to inordinate delay.  See, e.g., Brooks v. Jones, 875 F.2d 30, 31 (2d Cir. 1989).  Neither circumstance is present here.

According to the petitioner's submissions, he moved for his first appointed attorney to withdraw and is seeking appointment of replacement counsel.  While the Office of the Public Defender is reviewing the case, the petitioner has been instructed not to file any motions in the case and the motions he did submit were not docketed.  See Pet'r's Resp. Ex. D, Doc. #12-1 at 31-44.  Although the petitioner appears frustrated by the delay in reaching the merits of his claims, he has not presented evidence suggesting that pursuing those claims in state court would be futile.  There has not yet been a decision on the merits of the petitioner's claims and nothing has been presented to the Connecticut Supreme Court.  Thus, he has not exhausted his state court remedies.

The petition for writ of habeas corpus (Doc. No. 1) is hereby **DISMISSED** for failure to exhaust state court remedies with respect to each of the grounds for relief before filing a petition for writ of habeas corpus in federal court.  Because reasonable jurists would not find it debatable that the petitioner has not exhausted his state court remedies on any

ground for relief, a certificate of appealability will not

issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is so ordered.

Signed this 3rd day of February, 2016 at Hartford,

Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge