UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
MICHAEL A. YOUNG,                :
        Petitioner,              :
                                 :
     v.                          :     CASE NO. 3:15-cv-1821 (AWT)
                                 :
CAROL CHAPDELAINE,               :
        Respondent.              :
```

RULING ON MOTION FOR RECONSIDERATION

On February 3, 2016, the court dismissed the petition for the petitioner's failure to exhaust his state court remedies on all grounds for relief before commencing this action. The petitioner seeks reconsideration of that order.

The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citing Schraeder v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). When reviewing a motion for reconsideration, the court considers three questions: (1) whether there has been "an intervening change of controlling law"; (2) whether the movant has presented

new evidence that was not available when the original motion or response was filed; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52.

The petitioner does not identify any change in controlling law since the petition was dismissed and does not present any new evidence not previously available.  Thus, the court considers whether reconsideration is required to correct a clear error or prevent manifest injustice.

The petitioner first states that he seeks emergency relief in the form of immediate release because he is being denied adequate medical treatment.  This case concerns a challenge to a state criminal conviction.  There is no challenge to medical care.  The issue of the petitioner's medical care is not before the court.  The petitioner should raise his concerns with respect to adequate medical treatment in a section 1983 action.

2

The petitioner argues that other issues were raised at oral argument on direct appeal but were not included in the appellate court's opinion. The petitioner contends that the actions of the appellate court rendered any further appeal futile and would only cause inordinate delay. The petitioner's assumption regarding a petition for certification to the Connecticut Supreme Court is insufficient to demonstrate futility. See Engle v. Isaac, 456 U.S. 107, 130 (1982) ("If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."); Oliphant v. Quiros, No. 3:09-CV-1771(VLB), 2011 WL 2881324, at *1 (D. Conn. July 18, 2011) (rejecting petitioner's attempt to file federal petition based only on belief that exhaustion would be futile).

Even if other claims were argued at the Connecticut Appellate Court, the petitioner concedes that he did not seek certification from the Connecticut Supreme Court. Thus, he has not exhausted his state court remedies.

The petitioner also argues that requiring him to exhaust his state court remedies would result in inordinate delay. The

cases the petitioner cites do not support his argument.  First, the cases deal with delay in scheduling the criminal trial or hearing a direct appeal.  For example, in Brooks v. Jones, 875 F.2d 30 (2d Cir. 1989), the delay between the conclusion of the trial and the direct appeal was eight years; in Mathis v. Hood, 851 F.2d 612 (1988), the delay between the trial and direct appeal was six years; and in Barker v. Wingo, 407 U.S. 514 (1972), the delay between arraignment and trial was over five years.  Here, the Connecticut Appellate Court issued its decision on December 1, 2015, see State v. Young, 161 Conn. App. 552, ___ A.3d ___ (2015), about nineteen months after the petitioner was sentenced.  See Case No. T19R-CR11-0099206-S, http://jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&key=274d823f-284d-4357-a78b-27a27256050a (last visited Feb. 24, 2016).  Thus, there was no inordinate delay in deciding the appeal.

If the petitioner is arguing that pursuing state habeas claims will result in an inordinate delay, he has not shown this to be the case.  Although the Second Circuit has not specifically quantified the length of time required to excuse exhaustion, it has stated that "[t]he doctrine of exhaustion does not require a prisoner to wait six years … or even three or four years before enlisting federal aid …."  Simmons v.

4

Reynolds, 898 F.2d 865, 870 (2d Cir. 1990) (waiving exhaustion requirement where inmate showed six-year delay in processing appeal). The petitioner submitted his state habeas petition immediately following his sentencing in 2014. Any delay in the processing of his petition is attributable to efforts to obtain counsel to represent him. The court concludes that the petitioner has not demonstrated an inordinate delay sufficient to excuse the exhaustion requirement.

The petitioner contends that the court has not complied with Section 2248 of Title 28 of the United States Code. That section provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." The petitioner assumes that the court must accept as true his statement, made in response to the court's order regarding exhaustion, that exhaustion would be futile. First, this provision refers to the response filed by the respondent that is required under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., Williams v. Lavalley, No. 9:12-cv-1141-JKS, 2014 WL 1572890, at * (N.D.N.Y. Apr. 17, 2014) (applying section 2248 to respondent's allegations (citing Carlson v. Landon, 342 U.S. 524, 530 (1952)); McCrary v. Lee,

5

No. 12-cv-2867(SFJ), 2013 WL 5937420, at *4 (E.D.N.Y. Oct. 29, 2013) (interpreting section 2248 as applying exclusively to respondent). Such a response is ordered only after the court determines whether the petition should be dismissed because relief in the federal court is not warranted. The order in this case was issued to obtain additional information to enable the court to make that determination. Thus, the petitioner's argument lacks merit.

The petitioner's remaining arguments appear to revisit issues already raised and considered. Reconsideration is not available to reargue issues already considered or to present arguments under new theories. The petitioner has not identified any error that must be corrected or shown that reconsideration is required to prevent manifest injustice. Accordingly, the motion for reconsideration [**Doc. #17**] is hereby **GRANTED** but the relief requested is **DENIED**. A certificate of appealability will not issue because reasonable jurists would not find it debatable that the petitioner has not exhausted his state court remedies on any ground for relief, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is so ordered.

Signed this 26th day of February, 2016 at Hartford, Connecticut.

```
           _____/s/AWT_____
                  Alvin W. Thompson
               United States District Judge
```