UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


MICHAEL A. YOUNG,                    :
       Petitioner,           :
                   :
   v.                                :   CASE NO. 3:15-cv-1821 (AWT)
                   :
CAROL CHAPDELAINE,                   :
       Respondent.           :


**RULING AND ORDER**

On February 3, 2016, the court dismissed the petition for failure to exhaust his state court remedies on all grounds for relief before commencing this action.  The petitioner sought reconsideration of that order.  On February 26, 2016, after considering the petitioner's arguments, the court denied the requested relief.  In addition, the court denied the petitioner's motion for a certificate of appealability.  The petitioner then filed motions to reopen this case and expand the records.  The court denied these motions and, again, denied a certificate of appealability.

Now pending are the petitioner's motions seeking a certificate of appealability and release pending appeal, asking the court to forward the record to the Court of Appeals and furnish the petitioner a copy, seeking an expedited stay of the

judgment in this case and an order of release until the judgment is final, and a request to grant the stay.

## I. **Certificate of Appealability and Immediate Release**

The court dismissed the petition and declined to reconsider the dismissal because the petitioner failed to show that he exhausted his state court remedies before commencing this action.  See Docs. ##13, 21.  The court denied a certificate of appealability because reasonable jurists would not find it debatable that the petitioner has not exhausted his state court remedies on any ground for relief contained in his original petition.  The petitioner has not presented any evidence with his motion that could lead the court to alter that determination.  Accordingly, the motion for a certificate of appealability is being denied.

The petitioner also seeks immediate release pending final determination of his case.  As the court has concluded that the petitioner has failed to exhaust his state court remedies and determined, in denying his motion for a certificate of appealability, that any appeal is unlikely to be successful, the request for immediate release is being denied.

## II. **Forwarding the Record**

The petitioner requests that the court forward the record in this case to the Court of Appeals.  This was done on April

28, 2016, upon receipt of the petitioner's amended notice of appeal.  Thus, the petitioner's request is being denied as moot.

The petitioner also seeks a complete copy of the record on appeal.  Although the petitioner was granted leave to proceed in forma pauperis in this action, the statute, 28 U.S.C. § 1915, does not include the right to a free copy of the court record. See Collins v. Goord, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) (inmates have no constitutional right to free copies).

Any documents contained in the record that were submitted by the petitioner are already in his possession.  Any written order issued by the court was mailed to the petitioner and any electronic notice generated in this case was sent to the correctional facility to be delivered to the petitioner. Finally, any documents filed by the respondent have been certified as served by mail on the petitioner.  Thus, the record in this case is within the petitioner's possession.

Although the petitioner alleges selective withholding of court orders, he identifies no document that was not received. Thus, his request for a copy of the record is being denied.  The Clerk is directed to send the petitioner a copy of the docket sheet in this case.  If there are any documents he did not receive, the petitioner may contact the Clerk to ascertain the cost of a copy of that document.

III.  **Expedited Stay and Release and Request to Grant Motion**

The petitioner asks the court to stay the judgment entered in this case.  The record shows that the habeas petition was dismissed without prejudice on February 3, 2016, but that no judgment has entered.  Thus, any request to stay the judgment is being denied as moot.  Any request for reconsideration of the dismissal of the petition is being denied for the reasons stated in the court's prior ruling on the petitioner's motion for reconsideration.  See Doc. #21.  Any request for immediate release is being denied for the reasons stated above.

Finally, the petitioner has filed a motion asking the court to grant his motion for stay or order a hearing on his request for release.  As the court has denied both requests, this motion is being denied.

IV.  **Conclusion**

The petitioner's motion for certificate of appealability and order of release [**Doc. #33**] is hereby **DENIED.**  The petitioner's request [**Doc. #35**] to forward the record to the Court of Appeals is hereby **DENIED** as moot and his request for a complete copy of the record is hereby **DENIED.**  The petitioner's motions [**Doc. #36**] for expedited stay and immediate release and [**Doc. #37**] to grant the stay are hereby **DENIED.**

**The Clerk is directed to send the petitioner a copy of the docket sheet in this case.**

A certificate of appealability will not issue with regard to any of these motions as it continues to remain clear that reasonable jurists would not find it debatable that the petitioner failed to exhaust his state court remedies with regard to any ground for relief asserted in his habeas petition. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

It is so ordered.

Signed this 13th day of September, 2016 at Hartford, Connecticut.

_____
/s/AWT
Alvin W. Thompson
United States District Judge
